UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-62138-CIV-ROSENBAUM/SELTZER

IT'S A TEN, INC.,

    Plaintiff,

v.

O'ROURKE HOLDINGS, LLC,
MICHAEL O'ROURKE, and DOES 1-10

    Defendants.
_____/

## ORDER DENYING RECONSIDERATION

This matter is before the Court on Plaintiff's Motion for Reconsideration, or Alternatively, Relief from Court Order Granting Extension of Time for Defendants to Reply to Plaintiff's Opposition to Summary Judgment [D.E. 54]. On August 7, 2013, Defendants sought an extension of time to file their reply brief in support of their summary judgment motion. D.E. 52. Defendants' extension motion came two days after their reply brief would ordinarily have been due. In order to explain the missed deadline, Defendants' counsel noted that his firm's docketing clerk had resigned and that his firm's paralegals were performing the docketing work in the interim. D.E. 52, ¶ 2. However, apparently due to "confusion" among the paralegals, the reply deadline was apparently never docketed. *Id.* The Court considered the motion, found Defendants' counsel's neglect was excusable, and granted the extension of time. D.E. 53.

Plaintiff now asks the Court to reconsider its granting of the extension of time. In support of its argument, Plaintiff points to "new facts"—namely an email from one paralegal at Defendants' counsel's firm indicating that she had been out of the office for two weeks and ostensibly taking the

blame for the missed deadline. D.E. 54, ¶ 3; D.E. 54-1. Plaintiff complains that defense counsel never mentioned the paralegal's name or absence in his extension motion and argues that her "taking the fall" contradicts the statements made in the motion. D.E. 54, ¶ 3. The remaining bulk of Plaintiff's Motion asserts that Defendants' counsel misstated the record when he claimed that Defendants had twice consented to previous extensions of time sought by Plaintiff—Plaintiff maintains Defendants consented to only one and opposed three such requests. *Id.* ¶¶ 4-9. Plaintiff argues that had the Court known of these "material and misleading statements of fact," it likely would have denied Defendants' motion.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. Sch. Bd. of Hillsborough Cnty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 1369 (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)).

Rule 6(b) permits a court, for good cause, to grant a motion extending a deadline if a "party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The existence of excusable neglect is an equitable determination that is informed by multiple factors, including the danger of prejudice to the opposing party, the length of the delay, the reason for the delay, and whether the movant acted in good faith. *See United States v. $183,791.00 in U.S. Currency*, 391 F. App'x 791,

796 (11th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).

Previously, the Court found that Defendants' counsel's neglect was excusable. Defendants' motion was filed only two days after the reply was otherwise due, sought an extension of only twelve days,[1] and was attributable to an avoidable but not unreasonable office mix up. Any prejudice Plaintiff may suffer by reason of this minor delay is outweighed by the general policy favoring resolution of cases on their merits. *See, e.g.*, *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (citations omitted). Further, the number of times each side has or has not consented to prior extension requests has little-to-no bearing on whether an extension is warranted in this specific set of circumstances.

Plaintiff's "new evidence" does not undermine the Court's prior determination. The fact that one paralegal at Defendants' counsel's firm was out of the office does not expressly or impliedly contradict Defendants' assertion that "confusion between the paralegals" was the reason the deadline was missed. If anything, Plaintiff's evidence strengthens the confusion argument; if the paralegal normally assigned to the case was out, it seems even more likely that any paralegal presumably covering her absence would be unfamiliar with the case and its deadlines.

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Motion for Reconsideration [D.E. 54] is **DENIED**.

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 8th day of August 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

---

[1] The Court observes that even if Plaintiff had filed its opposition to the extension on August 7, under the Local Rules, Defendants' reply in support of the extension motion would have been due on the same date sought by Defendants for their summary-judgment reply. *See* L.R. 7.1(c)(1)(A), S.D. Fla.

3

cc: counsel of record